In the Matter of the Claim of DOROTHY E. McCONNELL, Respondent, against TOWN OF WHITESTOWN et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Employer and its insurance carrier appeal from a decision of Workmen's Compensation Board awarding death benefits to the widow and children of James P. McConnell, superintendent of highways of the Town of Whitestown. There is no controversy concerning the accidental nature of the death. In the late afternoon of May 10, 1949, decedent's body was found within the wire fence of a so-called abandoned cemetery in the appellant town. Position of the body suggested that, while carrying a shotgun and in the course of entering the cemetery through or under a wire fence, the accidental discharge of the gun caused his death about four o'clock that afternoon. Deceased was the elected superintendent of highways of his town and, as such, was on duty at all hours. There was substantial evidence that he had been about his regular duties during the forenoon of that day. There was no evidence concerning his afternoon activities prior to death. The record is replete with numerous surmises concerning decedent's activities, so speculative in character as to call for no discussion here. Appellants challenge various findings of the board as being contrary to or lacking substantial evidence, but the basic controversy relates to the finding that the accident occurred in the regular course of employment. Decedent was a public officer with varied duties and responsibilities. It was his practice and in the line of his duty to regularly drive over and inspect the town roads. The cemetery and its vicinage were within the area of his responsibilities. It adjoined Gibson Road, a town road, from the sides of which it was his duty to remove the brush. It is clear that, at his inquiry and instance, and after advice from the town attorney, he and the town board had previously concluded that the town had responsibility for the care of that burial ground as an abandoned cemetery under the provisions of section 291 of the Town Law and that the town's highway department was its only agency equipped to do the necessary work. Accordingly, in previous years decedent, through his subordinates, had cleared brush and cleaned in the cemetery, apparently in anticipation of Memorial Day. Under the circumstances, activities of decedent pertaining to the care of the cemetery would be nonetheless in the course of his employment even if, as appellants contend, he and the town board were in error in considering the cemetery abandoned. Evidence suggesting that decedent left open the door on the right (and cemetery) side of his car, which stood on the roadside, could raise the inference that he had not abandoned his employment

for the purpose of a hunting trip. The fact that he carried but two cartridges, both in the gun, would appear to negate the same surmise. There was sufficient evidence of the relationship of the cemetery to decedent's regular employment to invoke the presumption, " in the absence of substantial evidence to the contrary ", that the claim came within the provisions of the statute. (Workmen's Compensation Law, § 21, subd. 1.) There was no substantial evidence to rebut the presumption. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Coon, Halpern, Imrie and Zeller, JJ.